IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIAS GUDINO, )<br>    Petitioner, )<br>           )<br>vs. )<br>           )<br>MARK A. KIRBY; JOSE SANTANA )<br>*Director of Grand Prairie Computation and* )<br>*Designation Center*; GREGORY PICKEL )<br>*Management Variable Coordinator,* )<br>    Respondents. ) | Civil Action No. 14-185J<br>Judge Kim R. Gibson/<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 7 |

## **ORDER**

Elias Gudino ("Petitioner") is a federal prisoner at the Federal Correctional Institution in Loretto ("FCI-Loretto"), and has filed a habeas petition pursuant to 28 U.S.C. § 2241 ("the Petition"), alleging the imposition of an unconstitutional management variable. ECF No. 2.

Most recently he has filed a "Notice of Advisement," ECF No. 7, wherein he alleges that, due to the filing of the Petition, he is being denied adequate treatment for his hydrocele,[1] even though he concedes that he was given "21 Ibuprofen pills 400 mg, and a directive to purchase 24 Advil tablets at 200mg from the Prison's commissary along with a scotal (sic) support." ECF No. 7-1.

It is not entirely clear what Petitioner seeks to have the Court do in response to the Notice of Advisement. However, to the extent that Petitioner seeks to amend his Section 2241 habeas Petition to include these claims of retaliation and inadequate medical care, he may not do so as

---

[1] The Court takes note that a hydrocele is "is a fluid-filled sack in the scrotum."

  http://www.nlm.nih.gov/medlineplus/ency/article/000518.htm

(site last visited 11/5/2014).

he cannot combine a habeas claim (assuming, without deciding, that his claim regarding an unconstitutional management variable is properly cognizable in a Section 2241 petition filed by a federal prisoner) with conditions-of-confinement claims, namely, retaliation and alleged denial of adequate health care.  See, e.g., Burnam v. Marberry, 313 F. App'x 455, 456 n.2 (3d Cir. 2009) (where a prisoner filed an action seeking relief under the Privacy Act and under the Administrative Procedures Act but also repeatedly mentioned 28 U.S.C. § 2241 throughout the filing, and the District Court construed the filing as a Section 2241 petition but also entertained the non-habeas APA claims, the Court of Appeals criticized the District Court for doing so and declared that the District Court "should not have combined the habeas action and the claims under the Privacy Act and APA into a single case.  A better approach would have been to dismiss the habeas petition without prejudice and to focus on the alleged statutory violations, or in the alternative to have still construed the action as one of habeas corpus but to restrict its scope to challenges to the fact or duration of Burnam's confinement, or the execution of his sentence."); Forrest v. Sauers, No. 3:CV-13-0067, 2013 WL 3097569, at *2  (M.D. Pa. June 8, 2013) ("Mr. Forrest has presented a hybrid action sounding in both civil rights and habeas. He cannot do so in a singular habeas action as his conditions of confinement claims seek monetary damages and do not call into question his sentence or conviction. As such, they do not sound in habeas and must be pursued in a § 1983 action.").

Accordingly, the Notice of Advisement, treated as a Motion for Leave to File an Amended Habeas Petition to include claims regarding conditions of confinement is **DENIED**. No further action will be taken on Petitioner's Notice of Advisement.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to

file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

                                                  <u>*s/Maureen P. Kelly*</u>
                                                  MAUREEN P. KELLY
                                                  U.S. CHIEF MAGISTRATE JUDGE

Dated: November 6, 2014


cc:     The Honorable Kim R. Gibson
       United States District Judge


       All Counsel of Record via CM-ECF

       Elias Gudino
       32420-160
       Loretto Federal Correctional Institution
       Inmate Mail/Parcels
       P.O. Box 1000
       Loretto, PA 15940